

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 17, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. H- 424

Re: Whether governmental
bodies and private persons
operating on federal proper-
ty must furnish bond required
under Art. 20.021(N)(1),
Taxation-General, V. T. C. S.

Dear Mr. Calvert:

You have submitted the following questions to us for an opinion:

1. Are governmental bodies which must collect
the sales and use tax also required to furnish a
bond or other security to the Comptroller pursuant
to Art. 20.021 (N)(1), Tax.-Gen., V.T.C.S.?

2. Are private individuals who sell taxable
property from facilities located on federal property
and which are operated under contractual agree-
ments with federal government entities required
to furnish a bond or other security to the Comptroller
pursuant to Art. 20.021(N)(1), Tax.-Gen., V. T. C. S.?

The 63rd Legislature added to the Limited Sales, Excise and Use Tax
Act the requirement that a seller of taxable items must furnish a bond or
other security to the Comptroller to secure payment of the taxes that must
be collected under the Act. Acts 1973, 63rd Leg., ch. 345, p. 776. Article
20.021 (N)(1) provides in pertinent part:

Every person who holds a sales tax permit under
this Chapter as of January 1, 1974, and is delinquent
in the payment of any taxes, penalties and/or interest
on January 1, 1974, and every applicant for a sales
tax permit on or after January 1, 1974, shall furnish
to the Comptroller a cash bond, a bond from a surety
company chartered or authorized to do business in

the State of Texas, certificates of deposits, certificates of Savings or U.S. Treasury bonds or, subject to the discretion and approval of the Comptroller, an assignment of negotiable stocks or bonds, or such other security as the Comptroller may deem sufficient to secure the payment of taxes under this Chapter. Any surety bond furnished under this Paragraph shall be a continuing instrument and shall constitute a new and separate obligation in the penal sum named therein for each calendar year or a portion thereof while such bond is in force.   Such bond shall remain in effect until the surety or sureties are released and discharged.   The Comptroller shall fix the amount of such bond or security in each case, taking into consideration the amount of money that has or is expected to become due from such person under this Chapter and under the Local Sales and Use Tax Act.

. . .

"Person" is broadly defined in Art. 20.01(A) and included within its scope is "the United States or any agency thereof, this State, or any agency hereof, or any city, county, special district, or other political subdivision of this State to the extent engaged in the selling of items taxable under this Chapter."

In response to your first question, then, it appears that the Legislature intended to require any governmental body making sales subject to the Act to meet the security requirements of Art. 20.021(N)(1). Thus any governmental body which is collecting the sales tax, as a holder of a sales tax permit, must, under Art. 20.201(N)(1), also furnish whatever bond or other security the Comptroller deems necessary; governmental bodies holding sales tax permits are not excused from meeting this requirement simply because they are governmental bodies.

The answer to your second question is provided by the Buck Act, 4 U.S.C., Secs. 104-110, particularly Sec. 105:

(a)  No person shall be relieved from liability
for payment of, collection of, or accounting for
any sales or use tax levied by any State, or by any
duly constituted taxing authority therein, having
jurisdiction to levy such a tax, on the ground
that the sale or use, with respect to which such
tax is levied, occurred in whole or in part within
a Federal area; and such State or taxing authority
shall have full jurisdiction and power to levy and
collect any such tax in any Federal area within
such State to the same extent and with the same
effect as though such area was not a Federal area.

This provision was passed by Congress to enable the states to impose
sales taxes within federal enclaves.  Humble Oil & Refining Company v.
Calvert, 478 S.W.2d 926 (Tex. 1972).  Thus private individuals who
sell taxable items from facilities located on federal property are respon-
sible for collecting the sales tax and, accordingly, would be required to
furnish a bond or other security to the Comptroller under Art. 20.021(N)(1).

## SUMMARY

Governmental bodies which hold sales tax permits
and which collect the sales tax must also furnish a
bond or other security to the Comptroller under
Art. 20.021(N)(1).  Private individuals who sell tax-
able items from facilities located on governmental
property are responsible for collecting the sales
tax and, accordingly, also would be required to fur-
nish a bond or other security to the Comptoller under
Art. 20.021(N)(1).

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee